IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TUITIONFUND, LLC )<br>)<br>v. )<br>)<br>FIRST HORIZON NATIONAL )<br>CORPORATION; FIRST TENNESSEE )<br>BANK NATIONAL ASSOCIATION; )<br>BB&T CORPORATION; BRANCH )<br>BANKING AND TRUST COMPANY; )<br>COMERICA INCORPORATED; )<br>COMERICA BANK; FISERV, INC.; )<br>ALLY FINANCIAL, INC.; ALLY )<br>BANK; FIFTH THIRD BANCORP; )<br>FIFTH THIRD BANK; EDO )<br>INTERACTIVE, INC; and AFFINITY )<br>SOLUTIONS, INC. ) | No. 3-11-0852 |

O R D E R

The following housekeeping matters are addressed:

1. The plaintiff's motion for admission pro hac vice (Docket Entry No. 289) is GRANTED.

Christian J. Hurt is hereby admitted to practice in this case on behalf of the plaintiff.

2. The motions for leave to file document under seal (Docket Entry No. 234, 240, 242, 245, 251, and 257) are GRANTED to the extent provided below.

The Clerk is directed to maintain the following documents UNDER SEAL:

(a) The plaintiff's response (Docket Entry No. 235) to the motion filed by the edo defendants to strike newly asserted claims from plaintiff's final infringement contentions shall remain UNDER SEAL.

However, there is no reason to maintain the proposed order and copies of cases under seal, and the Clerk is directed to UNSEAL Docket Entry Nos. 235-1 and 235-2.

(b) The declaration of Robert Winn Cutler and exhibits attached thereto (Docket Entry Nos. 236 and 236-1 through 236-6) shall remain UNDER SEAL.

(c) The declaration of Jeffrey A. Wadsworth and attached exhibits (Docket Entry No. 241 and 241-1 through 241-6) shall remain UNDER SEAL, although the Court seriously questions why any portion of this filing, other than Exhibit F (Docket Entry No. 241-6) really needs to be maintained under seal.

(d) The memorandum (Docket Entry No. 244) in support of the edo defendants' motion to bifurcate the issue of liability from the issues of wilfulness and damages shall remain UNDER SEAL, except that the appended case (Docket Entry No. 244-1) does not need to be maintained under seal and the Clerk is directed to UNSEAL Docket Entry No. 244-1.

(e) The edo defendants' reply (Docket Entry No. 246) in support of its motion to strike newly asserted claims from plaintiff's final infringement contentions shall be maintained UNDER SEAL.

(f) The plaintiff's response (Docket Entry No. 252) to the Affinity defendants' motion to strike portions of plaintiff's infringement contentions shall be maintained UNDER SEAL. However, there is no reason to maintain copies of cases and the proposed order under seal, and the Clerk is directed to UNSEAL Docket Entry Nos. 252-1 through 252-2.

(g) The declaration of Edward Chin (Docket Entry Nos. 259 and 259-1 through 259-3) shall be maintained UNDER SEAL.

However, there appears no reason to maintain Exhibits D and E under seal and the Clerk is directed to UNSEAL Docket Entry Nos. 259-4 and 259-5.

3. The defendants' supplement to their motion to bifurcate (Docket Entry No. 247) was filed as a motion to supplement and, as such, it is GRANTED.

4. The plaintiff's motion to extend deadline to respond to defendants' motion to bifurcate (Docket Entry No. 250) is GRANTED nunc pro tunc to August 5, 2013.

The plaintiff filed its response on August 5, 2013 (Docket Entry Nos. 258-259).

5. The plaintiff's motion for leave to file sur-reply (Docket Entry No. 261) is GRANTED.

The Clerk is directed to file and docket the plaintiff's sur-reply (Docket Entry No. 261-1 through 261-5) to the defendants' motion to strike portions of plaintiff's final infringement contentions.

To be consistent, the Clerk is further directed to file and maintain Exhibit B (Docket Entry No. 261-4) UNDER SEAL.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge